# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Andrew U.D. Straw, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:19-cv-02531-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed October 31, 2019, recommending that Plaintiff Andrew U.D. Straw's Complaint (ECF No. 1) be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed Objections to the Report and Recommendation on November 7, 2019, alleging "hostility" by the Magistrate Judge (ECF No. 14 at 13), "hostility" toward the First Amendment (*id.* at 12), and "failure to understand how blocking [Plaintiff's] communications prevents substantive and procedural due process . . . ." (ECF No. 14 at 12). Having reviewed the Report, Complaint, Objections, and applicable law, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** the Complaint without prejudice and without issuance and service of process.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, is a former Illinois resident currently residing in the Philippines. (ECF Nos. 1 at 1, 1-1 at 6.) Plaintiff is an attorney licensed to practice in Virginia with a history of disability advocacy and severe mental and physical disabilities. (ECF No. 1 at 2-3, 1-1 at 4.) Plaintiff states he sent ten (10) emails to six (6) federal agencies concerning disability rights violations, but all ten (10) emails were deleted without being read. (ECF No. 1 at 2.)

1

Plaintiff asserts that the deletion of his emails without being read violated the First Amendment, Fifth Amendment's Due Process Clause; the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). (ECF No. 1 at 6–8.) Plaintiff's cause of action is against the United States and not against specific individuals or agencies. (*Id.* at 8.) Plaintiff seeks damages and an injunction requiring the Department of Justice ("DOJ") to analyze his emails and write a "public report" and to ensure his "view be heard" by providing him a subdomain where he may blog on the DOJ website. (ECF No. 1 at 10–11.)

On October 31, 2019, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Complaint. (ECF No. 11.) First, the Magistrate Judge found that since Plaintiff had "failed to raise any claim for damages for which the United States has waived its immunity," his claims were subject to dismissal. (*Id.* at 3–4.) Additionally, the Magistrate Judge found that although the United States had "waived immunity for claims seeking non-monetary damages," the court could not grant Plaintiff's claim for injunctive relief for he failed to state a claim upon which relief could be granted. (*Id.* at 4.) Further, the Magistrate Judge recommended dismissing Plaintiff's claims under the FOIA and the Rehabilitation Act, for failing to state a claim upon which relief could be granted and failing to plausibly allege a violation of the statutes, respectively. (*Id.* at 4.)

On November 7, 2019, Plaintiff filed his Objections to the Report requesting that the Report be withdrawn, the removal of the Magistrate Judge, and this court analyze his claims with respect to the First Amendment Petitioning Clause and those constitutional rights previously aforementioned. (ECF No. 14 at 2–13.) Plaintiff also requests the court to acknowledge that "[n]o document [Plaintiff] send[s] through Docsmit[.com] has [Plaintiff's] signature without [his]

2

consent."[1]  (ECF No. 14.)

## II.     LEGAL STANDARD

The Magistrate Judge's report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Objections to a report and recommendation must specifically identify portions of the report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a report will result in a waiver of the right to appeal from an order from the court based upon the report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If a party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

---

[1] Plaintiff conveyed to the court his electronic signature affixed to the certificate of service found on ECF No. 14 at 14.  This comment is not specific to the issues the Magistrate Judge considered in the Report, and therefore, further consideration is not warranted.

3

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). While a *pro se* litigant is entitled to "special judicial solicitude," a court is not mandated to recognize vague claims or complaints that fail "to allege anything that even remotely suggests a factual basis for the claim." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A complaint is subject to dismissal unless it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the plausibility of a claim for relief, the court must credit the complaint's factual allegations but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

### III.    ANALYSIS

#### A.  Magistrate Judge's Report

The Magistrate Judge found that Plaintiff's Complaint is subject to summary dismissal under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 11 at 3.) Upon reviewing the merits of the Complaint, the Magistrate Judge found that Plaintiff fails to state a plausible claim and that because Plaintiff is seeking monetary damages from the United States, his claim is precluded by *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). (ECF No. 11 at 3.) In *Blue Fox*, the Court relied upon its decision in *FDIC v. Meyer*, 510 U.S. 471 (1994) in observing: "sovereign immunity shields the Federal Government and its agencies from suit." *Blue Fox,* 525 U.S. at 260 (quoting *Meyer*, 510 U.S. at 475)*.*

In light of Plaintiff invoking injunctive relief under *Bivens*, the Report acknowledges the United States has waived its sovereign immunity in some circumstances. (ECF No. 11 (citing 5 U.S.C. § 702).) However, the Magistrate Judge points to Plaintiff's failure "to provide any

4

allegation" demonstrating the United States prevented Plaintiff from sending his emails to the federal agencies. (*Id.* at 4.) As a result, the Magistrate Judge surmises that the Government declining to read Plaintiff's emails does not violate Petitioning Clause protections. (*Id.*) The Magistrate Judge reasons the same issue underscores Plaintiff's Fifth Amendment claims. (*Id.* at 4–5.) Because he failed "to identify a liberty or property interest for which he was deprived by federal agencies deleting emails he sent to them," the Due Process Clause claim should not be entertained. (*Id.*)

Finally, the Report weighs Plaintiff's statutory claims under the FOIA and the Rehabilitation Act. (*Id.*) Finding the FOIA statute precludes the injunctive relief Plaintiff sought, the Magistrate Judge recommends dismissal. (*Id.* at 5.) Under § 504 of the Rehabilitation Act, Plaintiff's allegations must meet the high bar.[2] (*Id.* at 5–6.) Finding Plaintiff failed to show the alleged discrimination was based solely on his disability, the Magistrate Judge held Plaintiff's claim "fails to meet the federal pleading standards" as set forth in *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570. (ECF No. 11 at 6.)

**B. Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge finding that "the United States is immune from Plaintiff's claims for monetary damages." (ECF Nos. 11 at 3, 14 at 2.) Plaintiff further objects to the Magistrate Judge's summary dismissal and asserts deleting his emails is akin to rejecting his First Amendment right to petition. (ECF No. 14 at 5.)

Plaintiff notes that the Federal Tort Claims Act ("FTCA") provides for a limited waiver of

---

[2] Under § 504, a plaintiff seeking recovery must allege "(1) [he] has a disability, (2) [he] is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) [he] was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of [his] disability." (ECF No. 11 at 5 (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)).)

the United States' sovereign immunity from suit. (ECF No. 14 at 2.) The FTCA allows a plaintiff to recover damages for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff concedes that FTCA remedies exist, acknowledging the rigor of FTCA suits, and proffers the historiographical tradition attending the freedom of petition warrant this court to examine his *Bivens* claims.[3] (ECF No. 14 at 2–3.)

Finally, Plaintiff contests that he did meet the pleading standard and the best judge of retaliatory conduct is he who sent the messages. (*Id.* at 7.) Alleging the number of deleted emails is sufficient to show purposeful discrimination, Plaintiff avers that if it were prohibited to deny a particular person access to court, then an agency deleting without reading emails sent by Plaintiff is equally reprehensible. (*Id.* at 10.) Therefore, Plaintiff alleges that potential benefits were denied to him by declining to read his unsolicited emails, much like how welfare benefits were terminated prior to a hearing. (*Id.* at 10-11 (citing *Goldberg v. Kelly*, 397 U.S. 254, 255 (1970)).)

**C. The Court's Review**

*1. First Amendment Claim*

While Plaintiff is correct "there are several ways to get damages from the United States" (ECF No. 14 at 2–3), the Magistrate Judge is also correct that "Plaintiff's allegations do not plausibly show that the federal agencies denied his right to petition the government." (ECF No.

---

[3] Plaintiff beseeches the court to observe the Magna Carta and consider "severe consequences when [the right to petition] was denied . . . ." (ECF No 14 at 6.) If the First Amendment is progeny of the Magna Carta, Plaintiff alleges, then the Government should acknowledge its sovereign immunity is not absolute. (*Id.*)

11 at 4.) Under the principle of sovereign immunity, a plaintiff may not sue the United States or its agencies without their consent. *See Meyer*, 510 U.S. 471, 484-86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *see also Global Mail Ltd. v. U.S. Post. Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). Plaintiff requests the court to imply a cause of action for constitutional violations by the Government, as first recognized in *Bivens*. (ECF No. 14 at 5–6.)

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), governs the court's consideration of plaintiff's First Amendment claim. Tracing the origin and development of *Bivens*, the Court summarized:

> In 1871, Congress passed a statute that was later codified at Rev. Stat. § 1979, 42 U.S.C. § 1983. It entitles an injured person to money damages if a state official violates his or her constitutional rights. Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to Bivens, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.
>
> In 1971, and against this background, this Court decided *Bivens*. The Court held that, even absent statutory authorization, it would enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable searches and seizures. *See* 403 U.S. at 397. . . . The Court, accordingly, held that it could authorize a remedy under general principles of federal jurisdiction. *See id.* at 392 (citing *Bell v. Hood*, 327 U.S. 678, 684 (1946)).
>
> In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations. In *Davis v. Passman*, 442 U.S. 228 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.* at 248–249. And in *Carlson v. Green*, 446 U.S. 14 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a

7

> damages remedy for failure to provide adequate medical treatment. *See id.* at 19. These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

*Ziglar*, 137 S. Ct. at 1854–55. The *Ziglar* court expressed reticence creating implied causes of action to enforce the Constitution. *Id.* at 1857. Per Plaintiff's claim, the Court "has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." *Id.*

*Ziglar* makes clear that a *Bivens* remedy is not available if there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* (quoting *Carlson*, 446 U.S. at 18 (internal quotations omitted)). With respect to the "special factors," the inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58.

Turning to the "special factors" analysis, the court must consider whether Plaintiff's claim is meaningfully different from the aforementioned cases where the Supreme Court has afforded *Bivens* remedies. Plaintiff contends that deleting his emails without reading them is a retaliatory action and this retaliatory action is prohibited by *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 230 (2d Cir. 2019) and the FOIA. (ECF No. 14 at 7, 9.)

*Knight* is distinguishable on its facts. *Knight* involved Twitter which is an "interactive space." *Knight*, 928 F.3d at 233. The Second Circuit held that the President of the United States was actively engaged in viewpoint discrimination. *Id.* at 230. Here, however, Plaintiff emailed federal agencies and alleges that the deletion of his emails is a type of discrimination. (ECF No. 14 at 9.)

Plaintiff asserts that an agency deleting his emails is sufficient to prove discrimination. (*Id.*) Plaintiff further alleges this deletion runs afoul of FOIA protections, and "should be granted

all relief" he requested. (*Id.*) Reviewing Plaintiff's Objection and the docket in its entirety, the court finds that the evidence proffered on this point in the Objection (ECF No. 14) is identical to that in the Complaint (ECF No. 1 at 9). In this regard, the court finds that the Magistrate Judge correctly concluded that Plaintiff "fails to state a claim upon which relief can be granted." (ECF No. 11 at 5.) Moreover, "Plaintiff cannot obtain damages for a violation of the [FOIA] statute." (*Id.* (citing *Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013) ("[N]o money damages are available under [the] FOIA.")).)

In addressing whether "the federal agencies denied his right to petition" (ECF No. 11 at 5), Plaintiff avers that there exists a substantive difference between accepting versus deleting without reading an email. (ECF No. 14 at 4–5.) A difference exists between an email's delivery and reading said email, but the court also finds the Magistrate Judge's Report correctly states that "the First Amendment does not require that government officials read, consider, and respond to every email sent by the public." (ECF No. 11 at 4 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).) It does not follow that Plaintiff was precluded "from communicating his concerns about disability rights to federal agencies." (*Id.*) Moreover, Plaintiff conceded in his Objection that he is aware he can file a FTCA administrative claim. (ECF No. 14 at 2.)

Having weighed the "special factors" in Plaintiff's case, the court concludes Plaintiff has other avenues for relief and there are significant economic and governmental concerns recognizing an implied cause of action in this case. The court declines to find an implied *Bivens* cause of action for Plaintiff's unread and deleted emails.

2. *Fifth Amendment Claim*

The Magistrate Judge recommends the court dismiss Plaintiff's Fifth Amendment claim. (ECF No. 11 at 4–5.) With regard to Plaintiff's Due Process allegations, the Magistrate Judge lays

out the correct standard:

> The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. To state a claim for a violation of the Due Process Clause, a plaintiff must generally show that he was deprived of a constitutionally protected liberty or property interest. *See generally Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015); *Tri Cty. Paving, Inc. v. Ashe Cty.*, 281 F.3d 430, 440 (4th Cir. 2002).

(ECF No. 11 at 4–5.) Plaintiff claims in his objection that denying his "right to petition an agency" is analogous to the "right to access a court." As noted above, Plaintiff was not precluded from sending emails to agencies; therefore, it does not follow that the Government violated a due process liberty interest. (ECF No. 11 at 4; ECF No. 14 at 4.) Because he failed to establish deprivation of constitutional rights actionable under the Petition Clause or Due Process Clause, the connection between Plaintiff's emails and federal agencies is too attenuated. The property rights Plaintiff alludes to in *Goldberg* are unpersuasive since *Goldberg* involved nonconstitutional law offering procedural protections to the right to welfare benefits and not the right to have emails read. (ECF No. 14 at 11-12 (citing *Goldberg*).) Having reviewed the Magistrate Judge's Report, the record, and applicable law, the court agrees that "Plaintiff's allegations do not plausibly show a due process violation." (ECF No. 11 at 4.)

## IV.     CONCLUSION

After carefully reviewing the Report and the record in this case pursuant to the aforementioned standards, this court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11) and **OVERRULES** Plaintiff's Objections (ECF No. 14). Accordingly, the court **DENIES** Plaintiff's request to dismiss the Magistrate Judge's Report and summarily dismisses the Complaint (ECF No. 1) without prejudice and without issuance and service of process. As a result of the court's decisions, Plaintiff's pending Motions "for Notice

Regarding Petition Right," "for Notice Regarding Objections and District of Columbia Case," and "to Take Notice."  (ECF Nos. 18, 19, 31) are **DENIED** as **MOOT**.

   **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2020
Columbia, South Carolina